## McKeehan v. Butler Township

*Leonard E. Price,* for plaintiff.
*Thomas Fallert, Bruno A. Muscatello,* for defendant.

KIESTER, S. J., August 30, 1983—In defendant's motion for summary judgment the issue is whether Butler Township is immune from liability for injuries sustained by an invitee allegedly caused either by negligence of employees in the operation of a rope tow ski lift or by a defect in the system.

The accident occurred when minor plaintiff's scarf caught in the rope tow.

The complaint charges violations of alleged standards of care such as warnings of danger and lack of supervision. The defect alleged is the failure to provide a safe device. During oral argument plaintiff's counsel stated that the twisting action of the rope was the defect in the tow itself.

## THE LAW

On May 23, 1973, the Supreme Court of Pennsylvania entered a decision abolishing the judicially established doctrine of governmental immunity. Ayala v. Phila. Bd. of Public Education 305 A.2d 877(19  ). No longer was it necessary for the courts to attempt to distinguish between the increasingly confusing concepts of governmental and proprietary (private rather than public in nature) functions of government.

Under the provisions of the concluding sentence of Act I Section II of the Pa. Constitution which reads: "Suits may be brought against the Commonwealth in such manner and in such cases as the Legislature may by law direct", the legislature enacted the "Political Subdivision Tort Claims Act". The Supreme Court upheld the constitutionality of this act stating that the constitution "neither requires nor prohibits sovereign immunity". The court also decided that the legislature's authority to choose cases in which the Commonwealth should be immune encompasses political subdivisions. Mayle v. Pa. Dept. of Hwys. 479 Pa. 384, 388 A.2d 709, (1978); Carroll v. County of York 496, Pa. 363, 437 A.2d 394, (1981).

The Political Subdivision Tort Claims Act enacted October 5, 1980, effective in 60 days (P.L. 693 No.

142) provides for local governmental immunity for damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person. The Act then sets forth the exceptions to governmental immunity. Butler Township relies upon the exceptions set forth in 42 Pa. C.S.A. §8542(b)(3). It reads:

(b) Acts which may impose liability — The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(3) Real property — the care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. As used in this paragraph, "real property" shall not include:

(i) trees, traffic signs, lights and other traffic controls, street lights and street lighting systems;

(ii) facilities of steam, sewer, water, gas and electric systems owned by the local agency and located within rights-of-way;

(iii) streets; or

(iv) sidewalks.

## DISCUSSION

This is a case of first impression. There are no cases in point.

The ski slope is real property. It would be an absurd result to find that the installations (the foundations for the ski lift, the cable and the engine house) are not part of the real property. The ski lift is a part of the operating ski slope.

The condition of the property and the operation was the responsibility of Butler Township. If it is es-

tablished that the care, custody or control of this real property is in Butler Township and that a defect in the "equipment" or negligence of an employee caused the accident, Butler Township may be liable in damages.

## ORDER OF COURT

And now, August 30, 1983, based on the foregoing opinion, defendant's motion for summary judgment is denied.